## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

Karissa L. Leake )
1428 Newton Street, NW, )
Washington, DC 20010 )
)
    Plaintiff )
)
Vs. )
)
David N. Prensky, Trustee )
5225 Wisconsin Ave., Suite 500 )
Washington, DC 20015 )
)
    Defendant )
)
Capital One, NA, for the benefit of )
Federal National Mortgage Association )
6151 Chevy Chase Drive )
Laural, MD 20707 )
)
    Defendant )

0009556-10

Civil Action #_____ RP
Action Involving Real Property

**JURY DEMAND**

## COMPLAINT FOR WRONGFUL FORECLOSURE AND PREDATORY LENDING

COMES NOW, Karissa L. Leake, by and through her attorney, Keith J. Smith, and files this Complaint for Wrongful Foreclosure and Predatory Lending and in support thereof the Plaintiff states as follows:

### FACTS

1. Jurisdiction of this Court is founded in the District of Columbia Code 1981 edition as amended.

2. The Plaintiff is an adult resident of the District of Columbia.

3. The subject real property is located in the District of Columbia at 1428 Newton Street, NW, Washington, DC 20010.



**EXHIBIT**
_A_

4. On information and belief the Defendants are attorneys licensed to practice law in the District of Columbia.

5. Capital One, NA is a national lending institution and alleged successor to B.F. Saul Mortgage Co. (Hereinafter Defendant, the term Defendant shall include the plural)

6. On or about September 29, 2004, Karissa L. Leake (hereinafter the Owner) purchased real property located at 1428 Newton Street, NW, Washington, DC 20010. Said deed of trust was recorded on September 29, 2004, at the District of Columbia Recorder of deeds as instrument number 2004134249.

7. The lender listed on the September 29, 2004 Deed of Trust is B.F. Saul Mortgage Co.

8. The deed of trust referred to in paragraph six above, is the current deed of trust and no assignments modifications, changes or alterations to said deed of trust have been properly recorded at the District of Columbia Recorder of Deeds since September 29 2004.

9. Trustee Defendant David N. Prensky, is the original Trustee.

10. Even though David N. Prensky, is the original Trustee there is no recorded basis in the chain of title at the District of Columbia Recorder of Deeds from B.F. Saul Mortgage Corporation to Capital One, NA, to support the right of David Prensky to conduct a foreclosure of 1428 Newton Street, NW, Washington, DC 20010.

11. There is no recorded basis in the chain of title at the District of Columbia Recorder of Deeds from B.F. Saul Mortgage Corporation to Capital One, NA, to support the right of Capital One, NA, to conduct a foreclosure of 1428 Newton Street, NW, Washington, DC 20010.

12. There are no recorded assignments at the District of Columbia Recorder of Deeds from B.F. Saul Mortgage Corporation to Capital One, NA.,

13. Therefore, the chain of title to Capital One, NA., as the alleged Note Holder is fatally is defective.

14. Thus, the chain of title to Capital One, NA as Note Holder with authority to appoint David N. Prensky, et al as Trustees is fatally defective.

15. Because of the lack of a chain of title as outlined above, David N. Prensky therefore, has no right to conduct a foreclosure on this property.

## COUNT I – ACTION TO QUIET TITLE

16. Allegation Nos. 1 through 15 above, are incorporated herein as if fully set forth.

17. Plaintiff is the true title owner to the property in question; the foreclosure sale being conducted is fatally defective.

18. Defendant is not the note holder of record and therefore does not have standing to foreclose on the Plaintiff's note or deed of trust in that they cannot prove record ownership to said note and deed of trust.

19. Defendant has had ample opportunity to file the proper assignment of record to establish proof of their ownership of the Plaintiff's note and deed of trust but has failed to do so.

20. Defendant, by its actions alleged hereinabove, has wrongfully created a cloud upon the title to the property in question, 1428 Newton Street, NW, Washington, DC 20017.

21. Defendant's conduct in proceeding with foreclosure and assuming ownership of the Plaintiff's note and deed of trust, and allegedly Plaintiff's real property, under the circumstances alleged hereinabove, is so outrageous as to warrant punitive damages.

## COUNT II DEFECTIVE FORECLOSURE

23 Allegation Nos. 1 through 22 above, are incorporated herein as if fully set forth.

24. Defendant is not the record note holder of record and therefore does not have standing to foreclose on a note or deed of trust that they cannot prove record ownership to.

25. Defendant has had ample opportunity to file the proper assignment of record to establish proof of their ownership of the Plaintiff's note and deed of trust but has failed to do so.

26. Because Defendant has failed to properly record any assignment of their interest from Lime Financial Services to Select Portfolio Servicing Inc., they do not have standing to foreclose on this Plaintiff's note and deed of trust.

27. The law in the District of Columbia is well established in the seminal case of, Malone vs. Robinson, (1983 DC Ct App) Wherein the Court of Appeals made it abundantly clear that any foreclosure in the District of Columbia must be strictly construed when being review by the Superior Court of the District of Columbia. In addition, the actions of parties conducting foreclosure must strictly conform to and follow the laws of the District of Columbia or their actions shall be void ab initio.

28. The Plaintiff can present records from the District of Columbia Recorder of Deeds to establish without a doubt that the chain of title for the Plaintiffs mortgage does not flow to this Defendant.

29. Therefore this Defendant does not have any standing to foreclose on this Plaintiff's note and deed of trust.

## COUNT III - LACK OF STANDING TO FORECLOSE DURING THE LOAN MODIFICATION PROCESS

30. Allegation Nos. 1 through 29 above, are incorporated herein as if fully set forth.

31. At all relevant times herein the Plaintiff was fully involved in a loan modificaition with the Defendant Lender.

32. The US Treasury rules that govern the modification process clearly state that when a homeowner is in the loan modification process the lender shall cease all foreclosure activity.

33. The lender failed to abide by this rule in that the foreclosure took palce in the middle of the loan modification process.

34. Therefore, the foreclosure sale must be set aside.

## PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL COUNTS IN THIS MATTER

WHEREFORE, Plaintiff prays that this Court will enter an Order:

    a.    voiding the foreclosure sale that has occurred in this matter;

    b.    voiding any deed, deed of trust or other indices of title ownership held by Defendant;

c. Find that Defendant Capital One, NA., does not have standing in the District of Columbia to foreclose on this Plaintiff's deed of trust and note until they have properly recorded all necessary assignments from B.F. Saul Mortgage Corporation to Capital One, NA.

d. Find that David Prensky does not have standing in the District of Columbia to foreclose on this Plaintiff's deed of trust and note until they have properly recorded all necessary assignments from B.F. Saul Mortgage Corporation to Capital One, NA.

e. Directing that the Defendant shall, within 14 days, provide Plaintiff with an accounting of balance owed and payments made on the account purportedly defaulted upon in this matter;

f. Enter judgment in the form of money damages in favor Plaintiff with attorney fees to Plaintiff and against Defendants, including punitive damages, as warranted by the evidence;

g. directing that Defendant deed the property in question back to the Plaintiff within ten days of this Court's Order;

h. Affording any other relief deemed appropriate by the Court.

Respectfully submitted:

Keith J. Smith, Esq.
705 4th Street, N.W.
Suite 108
Washington, D.C. 20000
D.C. Bar #415529
(202) 638-4908

I, Karissa L. Leake, do hereby swear under penalty of perjury that the foregoing Complaint is true and accurate to the best of my knowledge information and belief.

_12 | 4 | 2010_
Date

_Karissa L. Leake_
Karissa L. Leake

NOTARY PUBLIC;

I, a notary public do hereby certify that Karissa L. Leake, who is personally well know to me as and personally appeared before me and acknowledged the same to be her act and deed.

Comm. Expires;

6/7

Notary Public



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

KARISSA L. LEAKE
Vs.                                              C.A. No.        2010 CA 009556 R(RP)
DAVID N. PRENSKY Trustee

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge JUDITH BARTNOFF
Date:   December 8, 2010
Initial Conference: 9:00 am, Friday, March 11, 2011
Location:   Courtroom 100
          500 Indiana Avenue N.W.
          WASHINGTON, DC 20001                                   Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc